IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-CR-00025-KDB-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH LEE TRAVIS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on the First Step Act of 2018 (Doc. No. 316) and a request for appointment of counsel (Doc. No 317)

The defendant pled guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, methamphetamine and marijuana, in violation of 21 U.S.C. §841(b)(1)(A) and (b)(1)(B) (Count One), Section 404(c) of the First Step Act specifies that a court "shall not entertain" a reduction motion where the sentence was imposed in accordance with the Fair Sentencing Act of 2010. Here, the defendant was sentenced on September 20, 2012, (Doc. No. 249: Judgment at 1), well after the effective date of the Fair Sentencing Act. Therefore, he is not eligible for a sentence reduction under the First Step Act.

The defendant also asks the Court to appoint him counsel to assist him with his request for a sentence reduction under the First Step Act. However, "a criminal defendant has no right to counsel beyond his first appeal." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the

appointment of counsel for certain postconviction proceedings, . . . [a] motion for reduction of sentence does not fit into this category." Legree, 205 F.3d at 730 (internal citation omitted).

**IT IS, THEREFORE, ORDERED** that the defendant's motions, (Doc. No. 316) and (Doc. No. 317) are **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: November 4, 2019

Kenneth D. Bell
United States District Judge