# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:09-CR-00025-KDB-DCK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **KENNETH LEE TRAVIS,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Kenneth Lee Travis's *pro se* motion for compassionate release. (Doc. No. 327). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

## I. BACKGROUND

In 2011, Defendant pled guilty to one count of conspiracy to distribute and to possess to distribute cocaine, crack cocaine, methamphetamine, and marijuana. (Doc. No. 168, 171). He was sentenced to 210 months plus six years of supervised release. (Doc. No. 249). In 2015, the Court reduced his sentence to 168 months pursuant to the Sentencing Commission's retroactive Amendment 782. (Doc. No. 299).

Defendant is a 35-year-old male confined at FCI Ashland, a low security federal corrections institution in Kentucky, with a projected release date of January 16, 2022. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He claims his medical conditions—high blood pressure, obesity, a "lifelong compromised immune

system," and other "undiagnosed" medical issues—put him at a heightened risk of death from complications of a COVID-19 infection.

This is Defendant's second motion for compassionate release.[1] His first motion for compassionate release, filed on April 27, 2020, was a cursory one-page request for compassionate release, home confinement, and appointment of counsel. (Doc. No. 325). The Court denied Defendant's motion on May 6, 2020. (Doc. No. 326). Now, Defendant has filed a second motion attaching a request for compassionate release made to the warden at FCI Ashland dated May 17, 2020. After filing his motion, Defendant filed two subsequent "exhibits" to his motion. The first, filed on June 22, 2020, is a letter from the warden denying his request for compassionate release. The warden explained the decision to deny Defendant's request, stating:

> The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting COVID-19, does not currently warrant an early release from your sentence.

(Doc. No. 328, at 1). The second exhibit, filed on June 25, 2020, is a letter informing the Court that a staff member at FCI Ashland tested positive for COVID-19. (Doc. No. 329).

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18

---

[1] In his first motion for compassionate release, Defendant claims he suffered from asthma, high blood pressure, and a weak immune system. In his new motion he makes no mention of asthma. Additionally, in his Presentence Report completed in 2012 Defendant indicated to probation that he occasionally suffered from heartburn and took over the counter medication, but otherwise reported he was in good health and suffered from no other medical complications. (Doc. No. 244, ¶ 70).

U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). While he attaches a denial of his request for compassionate release from the

warden, he has not exhausted all administrative appeals of the warden's adverse decision that are available to him within the BOP.

Defendant claims that he is currently appealing the warden's decision, "but given [his] serious health condition and [his] susceptibility to terminal consequences if exposed to COVID-19," he requests that the Court excuse the exhaustion requirement. According to the BOP's website, FCI Ashland has only one confirmed active case of COVID-19. Notably, it is a staff member that contracted the virus, not an inmate. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With only one confirmed COVID-19 case at FCI Ashland amongst the staff and no confirmed cases amongst the inmate population, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Ashland are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCI Ashland. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).[2]

---

[2] Defendant has not provided any evidence to support his conclusory assertion that he is at a heightened risk for death due to COVID-19. However, Defendant attaches an email exchange showing that he requested his medical records but must wait 60-90 days for his request to be processed. Even if Defendant's medical records show what Defendant purports they do, this

Defendant also includes numerous letters and communications from staff at FCI Ashland informing him that he does not qualify for home confinement under the Coronavirus Aid, Relief, and Economic Securities (CARES) Act because he is at medium risk for recidivism. As Defendant was informed in the Court's order denying his first motion for compassionate release, nothing in the CARES Act gives the Court a role in determining which candidates are eligible for home confinement under 18 U.S.C. § 3624(c)(2).

### III. APPOINTMENT OF COUNSEL

Defendant also moves for appointment of counsel to assist him with his compassionate release motion. (Doc. No. 329, at 2). There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic, including his chronic health conditions that allegedly place him at greater risk of complications if he contracts the virus. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel, and Defendant has not otherwise established that the interests of justice require appointment of counsel in these

---

would still be insufficient to excuse the exhaustion requirement when there are no confirmed COVID-19 cases amongst the inmate population at FCI Ashland at this time.

circumstances at this time. Accordingly, the Court will deny the motion to the extent Defendant seeks appointment of counsel.[3]

## IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release, (Doc. No. 327), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 2, 2020

Kenneth D. Bell
United States District Judge

---

[3] A number of courts have denied a motion for appointment of counsel as moot where the motion for compassionate release is denied due to the inmate's failure to exhaust his administrative remedies. *See, e.g.*, *United States v. Tutt*, No. 6:17-CR-040-CHB-1, 2020 WL 2573462, at *2 (E.D. Ku. May 21, 2020); *United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, -- F. Supp. 3d --, 2020 WL 2521273, at *9 (E.D. Tenn. May 13, 2020); *United States v. Woolum*, No. 5:84-CR-21-TBR, 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020).