IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09-CR-00025-KDB-DCK-4

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH LEE TRAVIS | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Kenneth Lee Travis' *pro se*
motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First
Step Act of 2018. (Doc. No. 333). This is now Defendant's third filing with the Court
asserting the same general complaints and requesting compassionate release. (Doc.
Nos. 325, 327). Having carefully reviewed the Defendant's motion and all other
relevant portions of the record, the Court will deny the motion without prejudice to a
renewed motion properly supported by evidence and after exhaustion of his
administrative remedies.

Defendant's previous two motions for compassionate release were denied for
failure to exhaust his administrative remedies within the Bureau of Prisons as
required under 18 U.S.C. § 3582(c)(1)(A). According to the BOP website, FCI
Ashland, currently has no confirmed active inmate cases at the facility, no deaths
have resulted from COVID-19, and the 2 inmates who previously tested positive have
recovered. Given these conditions, the Court finds no reason to disturb its prior
rulings requiring Defendant to exhaust his administrative remedies within the BOP
before petitioning this Court for relief. (Doc. Nos. 326, 331). This Court has previously

addressed the Defendant's requests and the Defendant presents no new evidence that would change the Court's prior rulings.

Defendant contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports his motion. But Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c). *See United States v. Butler,* No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); *United States v. Statom*, No. 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); *United States v. Rodriguez-Collazo,* No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); *United States v. Numann,* No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement . . . are not properly brought in a motion for compassionate release").

To the extent that Defendant wishes to raise a claim that prison officials' deliberate indifference to his medical needs has resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of*

*Narcotics,* 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[1]

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018, (Doc. Nos. 333), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: September 10, 2020

Kenneth D. Bell
United States District Judge

---

[1] Defendant is confined at FCI Ashland, which is located in the Eastern District of Kentucky.