IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:09-CR-00025-KDB-DSC-4

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| KENNETH LEE TRAVIS | |
| Defendant. | |

**THIS MATTER** is before the Court on what most liberally can be read as Defendant Kenneth Lee Travis' *pro se* motion for compassionate release and home confinement under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020 and the appointment of counsel.[1] (Doc. No. 337). This is now Defendant's fourth filing with this Court asserting the same general complaints and requesting compassionate release. (Doc. Nos. 325, 327, 333). The Government opposes the motion. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

## I. BACKGROUND

Between 2003 and 2010, Defendant participated in a large-scale drug-trafficking conspiracy that distributed crack and powder cocaine, methamphetamine, and marijuana in the Hickory, North Carolina area. (Doc. No. 244, ¶¶ 6, 12-27). Defendant utilized other members of the conspiracy to deliver said drugs to customers. *Id.,* ¶¶ 21-25. One of Defendant's distributors estimated that

---

[1] As Defendant was informed by the Court's order denying his second motion for compassionate release, the Court also denied his motion for appointment of counsel. The Court finds no reason to disturb its prior ruling.

he delivered at least two to four ounces of crack cocaine, two to four ounces of powder cocaine, and five to fifteen pounds of marijuana on at least two days every week. *Id.* Defendant also cooked powder cocaine into crack cocaine for distribution and carried a firearm and sometimes a taser while travelling to Atlanta to pick up cocaine. *Id.* ¶¶ 22, 26. Additionally, Defendant robbed a fellow drug dealer of between $20,000 and $30,000 that he combined with other funds to buy four kilograms of cocaine from a dealer in Texas for $50,000. *Id*. ¶¶ 15-17. Furthermore, at the time Defendant committed his offense, he had previously been convicted of breaking and entering (at age 17) and four drug-trafficking offenses. *Id.* ¶¶ 45-47.

A federal grand jury indicted Defendant and charged him with conspiracy to distribute and possess with intent to distribute at least 5 kilograms of powder cocaine, at least 50 grams of crack cocaine, at least 50 grams of methamphetamine, and at least 1,000 kilograms of marijuana. (Doc. No. 153 at 1-2). The United States filed an information under 21 U.S.C. § 851, notifying Defendant and this Court that it intended to seek an enhanced penalty based on his four prior convictions for felony drug offense. (Doc. No. 148). Defendant entered into a plea agreement agreeing to the conspiracy offense and in exchange for Defendant's guilty plea, the United States agreed to dismiss the remaining counts against him and agreed to withdraw the section 851 notice, which would have required a life sentence. (Doc. No. 168).

Defendant was sentenced to 210 months imprisonment. (Doc. No. 249, at 2). This Court declined to vary downward because Defendant's "involvement in the instant offense was extensive and his risk for recidivism is high." (Doc. No. 250, at 1). In November 2015, this Court reduced Defendant's sentence to 168 months in prison under Amendment 782 of the Sentencing Guidelines. (Doc. No. 299).

Defendant is a 35-year-old male serving his prison sentence at FCI Ashland in Kentucky. His current projected release date is January 16, 2022. As stated above, Defendant has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) three previous times, asking the Court for a reduction in his sentence. This Court has denied each previous motion without prejudice. (Doc. Nos. 326, 331, 336). Defendant bases his current motion again on the threat posed by the COVID-19 pandemic and states that he suffers from "high body mass index, acute hypertension, high blood pressure, and other serious medical conditions that have lowered his immune system" which place him at a greater risk of death from COVID-19 complications. (Doc. No. 337, at 3). The Government responded to Defendant's current motion on January 15, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 343).

## II. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the exceptions to this general rule is a motion for compassionate release. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.—**The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>    (i) extraordinary and compelling reasons warrant such a reduction

> . . .
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

While the statute references an applicable policy statement, there is as of now no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. *Id*. Thus, to succeed on a motion for compassionate release under 18 U.S.C. § 3582(c), a defendant must first exhaust his administrative remedies as described by the statute. Once the defendant has exhausted his remedies, the court determines whether extraordinary and compelling reasons warrant a reduction and considers the relevant sentencing factors under § 3553(a) to determine if an individualized application of those factors support compassionate release. A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g.*, *United States v. Ebbers,* 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III. DISCUSSION

*A. Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-

37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A).").

Defendant's previous three motions for compassionate release were denied without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies. (Doc. Nos. 326, 331, 336). The Government does not argue that Defendant's motion should be denied for failure to exhaust his administrative remedies. Because the Government did not raise the issue of exhaustion, the Court deems that it has waived the defense. Accordingly, the Court will proceed to address the merits of Defendant's motion.

B. *Extraordinary and Compelling Reasons*

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. Defendant's BOP medical records reflect that he weighs 291 pounds and suffers from obesity, which is a risk factor the CDC has identified as increasing an individual's risk of severe illness from COVID-19.[2] (Doc. No. 343, Exhibit 1, at 7, 16). Defendant suggests that hypertension is also a risk factor, but the CDC has stated only that hypertension *may* present an increased risk of severe illness.

As courts have found, a diagnosis of hypertension does not necessarily establish an "extraordinary and compelling" circumstance warranting compassionate release. *See United States v. Brown,* No. 3:16CR209-MOC, 2020 WL 2926472, at *1-*2 (W.D.N.C. 2020) (denying compassionate release to inmate with hypertension, diabetes, and pulmonary sarcoidosis); *United States v. Buchanon,* No. 3:18CR199, 2020 WL 5026849 at *2 (E.D. Tenn. 2020) (denying compassionate release to inmate diagnosed with sarcoidosis and hypertension); *United States v. Durham,* 2020 WL 5577884, at*2 (hypertension is not sufficient: "Given the lack of data and certainty regarding this second group of conditions, the fact that Defendant has a condition that may increase his risk for severe illness from COVID-19, without more, does not present an 'extraordinary and compelling reason' under the compassionate release statute and U.S.S.G. § 1B1.13."); *cf. United States v. Williams,* No. 5:19CR342, 2020 WL 2404680, at * (E.D.N.C. 2020) (denying pre-trial release to detainee with asthma, COPD, congestive heart failure, and hypertension).

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

Despite his fears relating to contracting COVID-19 while incarcerated, Defendant is only 35 years old and does not appear to be in imminent danger. Defendant was diagnosed with COVID-19 on November 19, 2020 and was asymptomatic. (Doc. No. 343, Exhibit 1, at 1, 38). He was evaluated to be released from isolation and there were no significant findings and no apparent distress. *Id.* at 1. Neither his obesity nor his hypertension caused him to contract severe illness. Accordingly, the Court finds that Defendant has not shown that "extraordinary and compelling reasons" support his release.

C. *Section 3553(a) Factors*

At Defendant's sentencing, the Court considered each of the Section 3553(a) factors and determined that Defendant's conduct warranted a custodial sentence. In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *Id.*

The Government argues that Defendant's motion for compassionate release should also be denied because he poses a danger to public safety. The Court agrees. Defendant is serving a federal prison sentence for trafficking significant amounts of controlled substances. Additionally, as stated earlier, Defendant carried a firearm and a taser and robbed at least one fellow drug dealer. Furthermore, at the time he committed his offense, Defendant had previously been convicted of

four drug-trafficking offenses and breaking and entering. As this Court noted when Defendant was sentenced, he presents a strong risk of recidivism and still does. On balance, the Section 3553(a) factors weigh against a sentence reduction in Defendant's case.

## IV. CARES ACT

As Defendant was informed in the Court's order denying his first motion for compassionate release, nothing in the CARES Act gives the Court a role in determining which candidates are eligible for home confinement under 18 U.S.C. § 3624(c)(2).

## V. ORDER

For these reasons, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 337), is **DENIED**.

**SO ORDERED.**

Signed: January 21, 2021

Kenneth D. Bell
United States District Judge